United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 20, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-50914
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO SIDA-CORRAL, also known as Paco,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-01-CR-1487-6-EP
--------------------

Before JONES, WIENER, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Francisco Sida-Corral appeals his sentence following his guilty-plea conviction for conspiring to possess with the intent to distribute five kilograms or more of cocaine. Sida-Corral argues that the district court erred in finding that he played a leadership role in the offense and in applying a three-level increase to his offense level pursuant to U.S.S.G. § 3B1.1(b).

Because Sida-Corral failed to present any rebuttal evidence at sentencing, the district court was free to adopt the facts in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Presentence Report without further inquiry.  See United States v. Brown, 54 F.3d 234, 242 (5th Cir. 1995).  Those facts revealed that Sida-Corral acted as an intermediary in a drug distribution conspiracy by purchasing large quantities of cocaine for smaller-scale distribution to his own network of street-level dealers.  Sida-Corral admitted that he hired others to assist him with the sale and distribution of cocaine that he purchased from co-defendent Edgar Ruiz-Medina.  On appeal, Sida-Corral further concedes that he could have been viewed as the "leader and organizer" of a Chicago drug-distribution network involving "several individuals."  Sida-Corral's role in the conspiracy as the Chicago retailer of Ruiz-Medina's drugs was corroborated by other co-defendants as well as by intercepted telephone recordings.  Based on this evidence, the Government met its burden of proving by a preponderance of the evidence that Sida-Corral played a leadership role in the offense.  United States v. Elwood, 999 F.2d 814, 817 (5th Cir. 1993).  Accordingly, the district court did not clearly err in assessing a three-level increase pursuant to U.S.S.G. § 3B1.1(b).

AFFIRMED.